FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

10 JUN 25 AM 10: 46

CLERK, U.S. ... COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

MID-CONTINENT CASUALTY COMPANY, a
foreign corporation,

      Plaintiff,

vs.

EASTMOND ENTERPRISES, INC., a Florida
Corporation and ANN ROSKO, a citizen of Florida,

      Defendants.

Case No:

2:10-cv-407-FtM-29DNF

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Mid-Continent Casualty Company ("MCC"), sues the Defendants, Eastmond Enterprises, Inc. ("Eastmond"), and Ann Rosko ("Rosko") for declaratory relief and alleges:

### NATURE OF ACTION

1.    This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 for the purposes of determining an actual controversy between the parties as to the scope of MCC's duty to indemnify under its contracts of insurance with Eastmond.

### JURISDICTION AND VENUE

2.    Jurisdiction in this Court is proper, pursuant to 28 U.S.C. § 1332(a), since the amount in controversy exceeds $75,000, exclusive of interest and costs, and this civil action is between citizens of different states.

3.    Venue is proper in the United States District Court for the Middle District of Florida, Fort Myers Division, because one or more defendants reside here, the events or omissions giving rise to the claims set forth below occurred here, the insurance contracts were issued and delivered here, and the project is located here.

4. All conditions precedent to the institution of this action have occurred, been performed or have been waived.

## THE PARTIES

5. The Plaintiff, MCC, is an Ohio Corporation with its principle place of business in Tulsa, Oklahoma.

6. The Defendant, Eastmond, is a Florida corporation whose principal place of business is in Lee County, Florida.

7. The Defendant, Rosko, is a citizen of the state of Florida residing in Lehigh Acres, Florida.

## FACTUAL ALLEGATIONS

8. Eastmond is a developer that builds homes and then sells the homes to prospective buyers.

9. Upon information and belief, Eastmond contracted with subcontractors to install drywall at homes located in Lee County, Florida (the "Project").[1]

10. One of the subcontractors was All Trades Construction, who allegedly supplied and/or installed Chinese Drywall in the Project's homes.

11. Eastmond was sued by Rosko in the United States District Court for the Eastern District of Louisiana, *Wiltz v. Beijing New Building Materials Public Ltd. Co.*, Case No. 10-cv-00361. A copy of the complaint is attached as Exhibit "A" ("Underlying Action").

12. In the Underlying Action Rosko seeks damages allegedly caused by Eastmond's defective work/defective product. These damages include the cost to remove and replace the defective work/defective product, the removal and replacement of all of the drywall, the

---

[1] MCC does not have copies of the subcontracts between the subcontractors and Eastmond, but copies will be obtained during discovery, if they exist.

Case No.:

replacement of other property such as air-conditioning and refrigerator coils, faucets, utensils, copper, electrical wiring, electronic appliances and other metal surfaces and property. Rosko also seeks the repair or replacement of any materials contaminated or corroded by the drywall.

13. In addition, in the Underlying Action Rosko also seeks equitable relief by way of injunctive, medical and environmental monitoring.

14. Rosko also seeks in the Underlying Action economic damages such as the loss of use of enjoyment and loss of use of value of her home due to stigma.

15. Finally, Rosko alleges bodily injury and negative health effects.

16. The certificate of occupancy for the project was issued on July 9, 2007.

17. The Rosko's first discovered damage to the property in April 2007.

18. Upon information and belief, Eastmond has not sued subcontractor(s) who may have supplied and/or installed the drywall.

19. MCC is currently defending Eastmond, subject to a full and complete reservation of rights.

20. Rosko is a proper party as her rights may be affected by this Court's declaration.

## POLICY PROVISIONS

21. MCC entered into contracts of insurance with Eastmond (the "Policies"). The Policies include:

> Policy No. 04-GL-000656507, from 12/15/06 to 12/15/07, with limits of $1,000,000 each occurrence, $2,000,000 general aggregate, and a $1,000 deductible PER CLAIM for property damage;
>
> Policy No. 04-GL-000698876, from 12/15/07 to 12/15/08, with limits of $1,000,000 each occurrence, $2,000,000 general aggregate, and a $1,000 deductible PER CLAIM for property damage;

Case No.:

Policy No. 04-GL-000740506, from 12/15/08 to 12/15/09, with limits of $300,000 each occurrence, $600,000 general aggregate, and a $1000 deductible PER CLAIM for property damage;

* * *

Copies of the Policies are attached as Composite Exhibit "B."

22. The Policies contain the following pertinent insuring agreement:

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under Paragraph 1. of Section **II** – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in

whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

23. The Policies contain the following pertinent exclusions:

**2. Exclusions**

This insurance does not apply to:

\* \* \*

a. **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion dose not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

b. **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)   That the insured would have in the absence of the contract or agreement; or

(2)   Assumed in a contract or agreement that is an "insured contract", provided the 'bodily injury" or "property damage" occurs subsequent to the   execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a)   Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)   Such attorney fees and litigation expenses are for defense

of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

**f.    Pollution**

(1)    "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a)    At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

(i)    "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

(ii)    "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

(iii)    "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

\*\*\*

(2)    Any loss, cost, or expense arising out of any:

(a)    Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants", or

    **(b)**    Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

    However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

* * *

**k.**    **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

* * *

**m.**    **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.**    **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    (1)    "Your product";

    (2)    "Your work"; or

    (3)    "Impaired property";

14480410v1 912841 56475

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency. inadequacy or dangerous condition in it.

\* \* \*

24. The Policies include the following pertinent definitions:

**SECTION V-- DEFINITIONS**

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

\*\*\*

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard":

   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1) Products that are still in your physical possession; or

      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the

earliest of the following times:

    (a)    When all of the work called for in your contract has been completed.

    (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b.    Does not include "bodily injury" or "property damage" arising out of:

    (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or

    (3)    Products or operations for which the classification, listed in the Declarations or in a policy schedule, states the products completed operations are subject to the General Aggregate Limit.

**17.**    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

***

**21.**    "Your product":

    a.    Means:

14480410v1 912841 56475

      (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

          (a)    You;

          (b)    Others trading under your name; or

          (c)    A person or organization whose business or assets you have acquired; and

      (2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b.    Includes:

      (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

      (2)    The providing of or failure to provide warnings or instructions.

c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

22.    "Your work" means":

a.    Means:

      (1)    Work or operations performed by you or on your behalf; and

      (2)    Materials, parts or equipment furnished in connection with such work or operations.

b.    Includes:

      (1)    Warranties or representatives made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      (2)    The providing of or failure to provide warnings or instruction.

\*\*\*

25.    The Policies contain the following pertinent endorsement:

14480410v1 912841 56475

### EXCLUSION—DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF  (CG 22 94 10 01)

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion 1. of Section I-Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:

2. Exclusions

   This insurance does not apply to:

   1. Damage To Your Work

      "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

\* \* \*

### COUNT I – THERE IS NO DUTY TO INDEMNIFY EASTMOND FOR DAMAGES THAT DO NOT CONSTITUTE PROPERTY DAMAGE OR TO INDEMNIFY EASTMOND TO THE EXTENT THE DAMAGES DID NOT TAKE PLACE DURING THE POLICY PERIODS

26. MCC realleges paragraphs 1 through 25 as paragraph 26 of Count I.

27. MCC's duty to indemnify is limited to pay damages because of property damage caused by an occurrence. To the extent Rosko is seeking to recover from Eastmond the cost to repair and replace defective work/defective product, as opposed to damage caused by Eastmond's defective work/defective product, or damages for economic losses in the nature of the diminished value of their homes because of stigma, such damages do not meet the definition of property damage.

28. MCC's duty to indemnify is limited to property damage that occurs during the policy periods. To the extent the homeowners and/or are seeking to recover from MCC any damages that did not take place during the policy periods, MCC has no duty to indemnify Eastmond.

29. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to indemnify and in particular to:

    a. Whether MCC has an obligation to indemnify Eastmond for the cost to remove and replace the defective work/defective product;

    b. Whether MCC has an obligation to indemnify Eastmond for the cost to remove, repair and replace undamaged property in order to remove and replace the defective work/defective product for which no coverage is provided under the Policies;

    c. Whether MCC has an obligation to indemnify Eastmond for economic damages in the nature of the diminished value of Rosko's home or stigma damages;

    d. Whether MCC has an obligation to indemnify Eastmond for any equitable relief such as the recall of Rosko's home or repurchase of the home; and

    e. Whether MCC has an obligation to indemnify Eastmond for only those damages, if any, that took place during the policy periods.

30. Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to what damages, if any, constitute property damage under the Policies.

31. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

Wherefore, MCC respectfully requests this Court to:

    a. Take jurisdiction over this matter;

    b. Find and declare that MCC's obligation under the Policies is limited to indemnifying Eastmond for property damage, if any, as that term is defined in the Policies;

Case No.:

c.  Find and declare that MCC's obligation under the Policies is limited to indemnifying Eastmond for property damage, if any, that took place during the policy periods; and

d.  Enter any other order the Court deems proper under the evidence and circumstances.

## COUNT II – NO DUTY TO INDEMNIFY TO THE EXTENT THE POLLUTION EXCLUSION APPLIES OR TO INDEMNIFY FOR DAMAGES EXCLUDED FROM COVERAGE UNDER THE POLICIES

32.  MCC realleges paragraphs 1 through 25 as paragraph 32 of Count II.

33.  The Policies contain the expected or intended, your product, damage to work performed by subcontractors on your behalf, pollution, impaired property, recall, and contractual liability exclusions, each of which limit, in whole or in part, MCC's obligation to indemnify Eastmond.

34.  In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to indemnify Eastmond.

35.  Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to what damages, if any, are covered under the Policies.

36.  Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

Wherefore, MCC respectfully requests this Court to:

a.  Take jurisdiction over this matter;

b.  Find and declare that MCC's obligation under the Policies is limited to indemnifying Portofino for damages, if any, not excluded by the Policies; and

c.  Enter any other order the Court deems proper under the evidence and circumstances.

### COUNT III – NO DUTY TO INDEMNIFY FOR EQUITABLE RELIEF, INCLUDING MEDICAL AND ENVIRONMENTAL MONITORING UNDER THE POLICIES

37.  MCC realleges paragraphs 1 through 25 as paragraph 37 of Count III.

38.  MCC's duty to indemnify is limited to pay damages because of bodily injury or property damage caused by an occurrence.

39.  In view of the foregoing, a present actual controversy exists between the parties as to the scope of MCC's obligation to indemnify Eastmond and in particular to:

  a.  initiate and pay for medical monitoring;

  b.  recall and/or to repurchase Rosko's home;

  c.  initiate and pay for environmental monitoring.

  d.  create a fund to pay for a public awareness campaign; and

  e.  pay for any other injunctive or equitable relief.

40.  Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to whether equitable relief, including medical and environmental monitoring, constitutes damages and/or bodily injury/property damage under the Policies.

41.  Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

Wherefore, MCC respectfully requests this Court to:

  a.  Take jurisdiction over this matter;

  b.  Find and declare that MCC is not obligated under the Policies to pay for the costs to initiate and pay for medical/environmental monitoring or for any other equitable relief; and

14

  c. Enter any other order the Court deems proper under the evidence and circumstances.

Dated: _June 24_, 2010.

_____
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Pedro E. Hernandez
Florida Bar NO. 0030365
phernandez@hinshawlaw.com
Jody A. Tuttle
Florida Bar No. 737801
jtuttle@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard, Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Counsel for Mid-Continent Casualty Company*